| 2 | 746 |
| L110 | 556 |
| 2 | 746 |
| 114 | 623 |

## ALLING et al. v. BACH.

· Where a party proposes to another to purchase merchandise from him for a certain price, and that the merchandise shall be shipped to him at particular place, to be there paid for before delivery, to which the latter assents, the sale will be perfect from the moment of the agreement for the object and the price, and the subject of the sale will be thenceforth at the risk of the purchaser, though not delivered to him; and if it perish before delivery, without the fault of the seller, he will be exonerated from the obligation to deliver, but the purchaser will be bound for the price. C. C. 1903, 2431, 2442.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. The facts of the case are stated in the opinion *infra*.

*Hoffman*, for the appellants. The court below erred in considering that the sale was made on a suspensive condition as to the delivery. The Civil Code declares that conditional obligations are such as depend on an uncertain event. Here there was nothing uncertain in the obligation to deliver. The sale was complete, independent of the delivery. See Delvincourt, vol. 2, p. 16, note 1; p. 526, note 2; p. 537, note 3. Civ. Code, 2414, 2431, 2437, 2442, 2443, 2446, 2450, 2452, 2456, 2458, 2459, 2527, 2528. Pothier, Vente, pp. 179, 180. 18 La. 235. 3 Rob. 331.

*L. Peirce*, for the defendant. This is an agreement to take effect in future, on account of the postponement of the payment of the price, and of the delivery of the goods. The rule in such a case is, that if nothing remains to be done on the part of the seller, as between him and the buyer, before the goods purchased are to be delivered; the property in the goods immediately passes to the buyer, and that in the price to the seller; but if any act remains to be done on the part of the seller, the property does not pass until that act has been done. In this case the seller was to ship the goods to New Orleans, and they were to be paid for on delivery; the transfer of the goods to New Orleans was part of the contract, and a condition precedent; the seller had still something to do. The meaning of this stipulation by the purchaser was to free himself from the expense of insurance, and from all costs of charges, freight, warehousing, &c. The seller's duty was to have insured; he does not declare whether he did or not; he has neglected his own interest and is his own insurer.

In the case of *Tarling* v. *Barton*, 6 B. & C. 362, the defendant agreed to sell the plaintiff a stack of hay standing in Canonbury Field, for £145; the contract was dated 4th January, the money to be paid the 4th February; and the hay to stand upon the premises until the first day of May; the hay not to be cut until paid for. The purchaser accepted the sellers draft on him for £145, dated 4th January, and payable at one month. The hay was consumed by fire on the same field. *Held* to be the loss of the purchaser, because there was nothing that remained to be done by the vendor as between him and the vendee.

In *Fragano* v. *Long*, 4 B. & C. 219, the plaintiff, residing in Naples, sent an order to *Mason & Sons*, of Birmingham, for a cask of hardware, to be despatched to him on insurance being effected; terms, three months' credit from the time of the arrival. The cask was lost on the quay at Liverpool, before being put on board the vessel for Naples. *Held* to be the loss of *Fragano*. The arrival at Naples was not a condition precedent. The court, Bayly, J., says: "If the goods were not be paid for unless they arrived, why should *Fragano* insure them; that shows that the arrival was not considered as a condition precedent to the payment. If the goods arrived, three months from the arrival was to be the period of credit; if they did not arrive, still the plaintiff would be bound to pay in reasonable time after the arrival became impossible. If this were not so, the insurance would be altogether nugatory, for *Fragano* could not sue upon it, neither could the vendor, the interest being declared to be in *Fragano*." Halroyd, Justice, in the same case says: "It was not contended that *Fragano* was not liable to the vendor unless the goods arrived; but the order for insurance is decisive of that. The policy was to protect *Fragano*, and shows that he considered that he was to be the sufferer if the goods were lost on the voyage; which he

ALLING<br>
v.<br>
BACH.

coul1 not have been, had the arrival of the goods been a condition precedent to his liability to the vendors.

In *Simmons* v. *Swift*, 5 B. & C. the court says: "Generally speaking, when a bargain is made for the purchase of goods, and nothing is said about payment or delivery, the property passes immediately so as to cast upon the purchaser all future risk, if nothing further remains to be done to the goods, although he cannot take them away without paying the price. If any thing remains to be done on the part of the seller, until that is done the property is not changed. See also 2d Bing. p. 146.

In the case before the court, the seller had something to do to the goods; he was to land them in New Orleans.

The judgment of the court was pronounced by

KING, J.* The plaintiffs sue for the price of a quantity of merchandise, alleged to have been sold to the commercial firm of *Bach & Meyer*. Payment is insisted on by *Bach*, the only party cited, on the ground that the plaintiffs undertook to deliver the goods in New Orleans, but have failed to comply with their contract. There was a judgment for the defendant in the court below, and the plaintiffs have appealed.

The only witness present when the contract was entered into states, that *Meyer*, the partner of the defendant, proposed to the plaintiffs to sell him a bill of goods at certain cash prices, and ship them to the house of the plaintiffs in New Orleans, where he would pay for them before taking possession, to which the plaintiffs acceded. The goods were marked in the name of the defendants, shipped, and a bill of lading taken for their delivery in New Orleans, to *Wm. Alling & Co.* The vessel upon which the shipment was made was lost at sea, and the goods never reached their destination. The plaintiffs contend that the sale was complete, independently of the contract for the delivery at New Orleans; that they have performed their part of the contract; and that the loss of the goods must be sustained by the defendant. The defendant, on the contrary, urges that the contract was incomplete, and that the goods were at the risk of the plaintiffs until they were landed in New Orleans.

We think that the judge below erred, and that, under the contract proved, the plaintiffs are entitled to recover. The sale was perfect by the assent of the parties, from the moment of their agreement for the object and the price, although no delivery accompanied the contract. As soon as the contract of sale is complete, the object sold is at the risk of the purchaser, although it may not have been delivered to him; and, if it perish before the delivery without the fault of the seller, the latter is exonerated from the obligation to deliver, but the purchaser will still be bound to pay the price. C. C. arts. 2431, 2242, 1903. 4 Toul. no. 59. 7 Toul. no. 202. Pothier, Contrat de Vente, nos. 308, 309. Delvincourt, vol. 2, p. 526, note 2. The only additional obligation assumed by the plaintiffs was that of shipping the goods to New Orleans, where the defendants were to take possession upon paying the price, and this stipulation was performed.

It is therefore decreed that the judgment of the District Court be reversed. It is further decreed that the plaintiffs recover of the defendant, Bach, the sum of six hundred and forty-five dollars and sixty-nine cents; and that the defendants pay the costs of both courts.

---

* EUSTIS, C. J. was present when the opinion was first delivered in this case, but was absent when an application for a re-hearing was finally disposed of.